UNITED STATES of America, and Anne M. Gorsuch, Plaintiffs,

v.

The HOUSE OF REPRESENTATIVES OF the UNITED STATES; the Committee on Public Works and Transportation of the House of Representatives; the Honorable James J. Howard, Chairman of the Committee on Public Works and Transportation of the House of Representatives; the Subcommittee on Investigations and Oversight of the Committee on Public Works and Transportation of the House of Representatives; the Honorable Elliott J. Levitas, Chairman of the Subcommittee on Investigations and Oversight of the Committee on Public Works and Transportation of the House of Representatives; the Honorable Thomas P. O'Neill, Speaker of the House of Representatives; Edmund L. Henshaw, Jr., the Clerk of the House of Representatives; Jack Russ, Sergeant at Arms of the House of Representatives; James T. Molloy, the Doorkeeper of the House of Representatives, Defendants.

Civ. A. No. 82–3583.

United States District Court, District of Columbia.

Feb. 3, 1983.

J. Paul McGrath, Asst. Atty. Gen., Richard K. Willard, Deputy Asst. Atty. Gen., Betsy Gray, Lewis K. Wise, Andrew M. Wolfe, Dept. of Justice, Civ. Div., Washington, D.C., for plaintiffs.

Stanley M. Brand, Gen. Counsel to the Clerk, Steven R. Ross, Deputy Counsel to the Clerk, Michael L. Murray, Asst. Counsel to the Clerk, Washington, D.C., for defendants.

MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

The United States of America and Anne M. Gorsuch, in her official capacity as Ad-

ministrator of the Environmental Protection Agency (EPA), bring this action under the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiffs ask the Court to declare that Administrator Gorsuch acted lawfully in refusing to release certain documents to a congressional subcommittee. Defendants in the action are: The House of Representatives of the United States; The Committee on Public Works and Transportation; The Honorable James J. Howard, Chairman of the Committee on Public Works and Transportation; The Subcommittee on Investigations and Oversight of the Committee on Public Works and Transportation; The Honorable Elliott J. Levitas, Chairman of the Subcommittee on Investigations and Oversight of the Committee on Public Works and Transportation; The Honorable Thomas P. O'Neill, Speaker of the House of Representatives; Edmund L. Henshaw, Jr., Clerk of the House of Representatives; Jack Russ, Sergeant at Arms of the House of Representatives; and James T. Molloy, Doorkeeper of the House of Representatives. The individual defendants are sued only in their official capacities. The case is now before the Court on defendants' motion to dismiss.

The essential facts are undisputed. On November 22, 1982, a subpoena was served upon Anne Gorsuch by the Subcommittee on Investigations and Oversight (the Subcommittee) of the Committee on Public Works and Transportation (the Committee). The subpoena required Administrator Gorsuch to appear before the Subcommittee on December 2, 1982, and to produce at that time the following documents:

all books, records, correspondence, memorandums, papers, notes and documents drawn or received by the Administrator and/or her representatives since December 11, 1980, including duplicates and excepting shipping papers and other commercial or business documents, contractor and/or other technical documents, for those sites listed as national priorities pursuant to Section 105(8)(B) of P.L. 96–510, the "Comprehensive Environmental Response, Compensation and Liability Act of 1980."

On November 30, 1982, President Reagan sent a Memorandum to Administrator Gorsuch instructing her to withhold from the Subcommittee any documents from open law enforcement files assembled as part of the Executive Branch's efforts to enforce the Comprehensive Environmental Response, Compensation and Liability Act of 1980. On December 2, 1982, the return date of the subpoena, Administrator Gorsuch appeared before the Subcommittee. She advised the Subcommittee that the EPA had begun to gather for production all documents responsive to the subpoena, but "... sensitive documents found in open law enforcement files will not be made available to the Subcommittee." 149 Cong.Rec. H10037. The Committee passed a Resolution reporting the matter to the full House of Representatives on December 10, 1982. The full House cited Administrator Gorsuch for contempt of Congress on December 16, 1982. The initial complaint in this case was filed on the same day, one day before the contempt resolution was certified to the United States Attorney for the District of Columbia for presentment to the grand jury. To date, the United States Attorney has not presented the contempt citation to the grand jury for its consideration.

Section 192 of Title 2 of the United States Code provides that a subpoenaed witness who refuses "to produce papers upon any matter under inquiry before either House ... or any committee of either House of Congress", shall be guilty of a misdemeanor "punishable by a fine of not more than $1,000 nor less than $100 and imprisonment in a common jail for not less than one month nor more than twelve months." Once an individual has been found in contempt by either House of Congress, a contempt order is presented to the President of the Senate or the Speaker of the House of Representatives for certification. 2 U.S.C. § 194. The President or Speaker in turn delivers the contempt citation to the appropriate United States Attorney. The United States Attorney is then required to bring the matter before the grand jury. *Id.*

The Executive Branch, through the Justice Department, has chosen an alternate route, however, in bringing this civil action against the House of Representatives and individual members of the Legislative Branch. Plaintiffs ask the Court to resolve the controversy by deciding whether Administrator Gorsuch acted lawfully in withholding certain documents under a claim of executive privilege.

Defendants raise several challenges to the propriety of plaintiffs' cause of action. Included among defendants' grounds for dismissal are lack of subject matter jurisdiction, lack of standing, and the absence of a "case or controversy" as required by Article III, § 2 of the United States Constitution. In addition, defendants claim that they are immune from suit under the Speech and Debate Clause, Article I, § 6, cl. 1. Plaintiffs have addressed and opposed each of these threshold challenges.

The Legislative and Executive Branches of the United States Government are embroiled in a dispute concerning the scope of the congressional investigatory power. If these two co-equal branches maintain their present adversarial positions, the Judicial Branch will be required to resolve the dispute by determining the validity of the Administrator's claim of executive privilege. Plaintiffs request the Court to provide immediate answers, in this civil action, to the constitutional questions which fuel this controversy. Defendants, however, have indicated a preference for established criminal procedures in their motion to dismiss this case. Assuming there are no jurisdictional bars to this suit, therefore, the Court must initially determine whether to resolve the constitutional controversy in the context of a civil action, or defer to established statutory procedures for deciding challenges to congressional contempt citations.

■ The statutory provisions concerning penalties for contempt of Congress, 2 U.S.C. § 192 and § 194, constitute "an orderly and often approved means of vindicating constitutional claims arising from a legislative investigation." *Sanders v. McClellan,* 463 F.2d 894, 899 (D.C.Cir.1972). Under these provisions, constitutional claims and other objections to congressional investigatory procedures may be raised as defenses in a criminal prosecution. *See Barenblatt v. United States,* 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115 (1959); *Ansara v. Eastland,* 442 F.2d 751 (D.C.Cir.1971); *United States v. Tobin,* 306 F.2d 270, 276 (D.C.Cir.1962). Courts have been extremely reluctant to interfere with the statutory scheme by considering cases brought by recalcitrant witnesses seeking declaratory or injunctive relief. *See, e.g., Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975); *Ansara v. Eastland,* 442 F.2d at 754. Although the Court of Appeals for this Circuit has entertained one civil action seeking to block compulsory legislative process, that action was brought by the Executive Branch to prevent a private party from complying with a congressional subpoena. *See United States v. American Telephone and Telegraph Company,* 551 F.2d 384 (D.C.Cir.1976). Significantly, therefore, in that case the Executive Branch was not able to raise its claim of executive privilege as a defense to criminal contempt proceedings.

■ Courts have a duty to avoid unnecessarily deciding constitutional issues. *United States v. Rumely,* 345 U.S. 41, 45–46, 73 S.Ct. 543, 545–546, 97 L.Ed. 770 (1952). When constitutional disputes arise concerning the respective powers of the Legislative and Executive Branches, judicial intervention should be delayed until all possibilities for settlement have been exhausted. *See United States v. American Telephone and Telegraph,* 551 F.2d at 393–395. Judicial restraint is essential to maintain the delicate balance of powers among the branches established by the Constitution. *See id.* Since the controversy which has led to *United States v. House of Representatives* clearly raises difficult constitutional questions in the context of an intra-governmental dispute, the Court should not address these issues until circumstances indicate that judicial intervention is necessary.

The gravamen of plaintiffs' complaint is that executive privilege is a valid defense to congressional demands for sensitive law enforcement information from the EPA. Plaintiffs have, thus, raised this executive privilege defense as the basis for affirmative relief. Judicial resolution of this constitutional claim, however, will never become necessary unless Administrator Gorsuch becomes a defendant in either a criminal contempt proceeding or other legal action taken by Congress. *See, e.g., Ansara v. Eastland,* 441 F.2d at 753–754. The difficulties apparent in prosecuting Administrator Gorsuch for contempt of Congress should encourage the two branches to settle their differences without further judicial involvement. Compromise and cooperation, rather than confrontation, should be the aim of the parties. The Court, therefore, finds that to entertain this declaratory judgment action would be an improper exercise of the discretion granted by the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Hanes Corp. v. Millard,* 531 F.2d 585, 591 (D.C.Cir.1976). In light of this determination, the Court will not address the additional grounds for dismissal raised by defendants.

Accordingly, defendants' motion to dismiss is granted.